IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEE D. WILLIAMS,**

    Petitioner,                                 **CASE NO. 2:14-cv-1461**

v.                                          **JUDGE GEORGE C. SMITH**
                                               **Magistrate Judge Kemp**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTION,**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

### I. PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and initial procedural history of this case as follows:

> Lee D. Williams, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas. Appellant was found guilty of two counts of kidnapping, a violation of R.C. 2905.01, and three counts of rape, a violation of R.C. 2907.02.

> On March 3, 2001, a grand jury indicted appellant on three counts of kidnapping and five counts of rape. The charges were based upon allegations of appellant's former girlfriend, Kimberly. Kimberly claimed that: (1) on either January 9 or 10, 2000, appellant had vaginal intercourse with her by force or threat of force; (2) sometime between May and September 2000, appellant twice had vaginal intercourse with her by force or threat of force; and (3) on September 20, 2000, appellant had vaginal intercourse and engaged in cunnilingus with her by force or threat of force. Appellant was also indicted for two counts of rape and two counts of burglary based upon similar allegations from another former girlfriend named Amanda.
>
> In October 2001, appellant was tried by a jury for the crimes committed against Kimberly and Amanda as alleged in the two indictments. On October 19, 2001, the jury found appellant guilty of raping and kidnapping Kimberly in January 2000. The jury also found appellant guilty of committing one count of kidnapping and two counts of rape on September 20, 2000. The jury further found appellant not guilty of the remaining counts including all counts related to his conduct with Amanda. After holding a sentencing and sexual predator hearing, the trial court sentenced appellant to serve eight years in prison for each of the two kidnapping counts and eight years in prison for each of the three rape counts. The court found appellant's two kidnapping convictions should be served concurrent to each other and concurrent to his rape convictions. The court further held that appellant's three rape convictions should be served consecutively for a total of twenty-four years in prison. The court found in a separate entry that appellant was a sexual predator pursuant to R.C. 2950.09.

*State v. Williams*, 2002 WL 2005815, *1 (Franklin Co. App. Sept. 3, 2002). A subsequent appeal of that decision to the Ohio Supreme Court was denied in 2003. *State v. Williams*, 98 Ohio St.3d 1412 (Jan. 15, 2003).

In addition to his direct appeal, Petitioner also pursued post conviction relief. Those proceedings were summarized by the Ohio Tenth District Court of Appeals as follows:

> On August 12, 2002, before this court issued *Williams,* defendant filed a petition for postconviction relief alleging ineffective assistance of counsel. Defendant argued that his trial counsel did not adequately investigate possible witnesses regarding the credibility of Ms. Folk. In support of that contention, defendant submitted affidavits from three different individuals. On September 9, 2002, defendant filed a motion requesting that the trial court issue an order permitting him to conduct limited discovery relating to his claim for postconviction relief. On August 30, 2004, defendant moved to amend his petition for postconviction relief to include an allegation that the trial court imposed non-minimum, consecutive sentences in violation of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531. On October 22, 2004, defendant filed another motion for leave to conduct discovery, requesting a court order permitting him to subpoena particular mental health records maintained by Fairfield Memorial Medical Center.
>
> In a decision entered March 10, 2005, the trial court dismissed defendant's petition and amended petition for postconviction relief. The trial court determined that (1) defendant failed to set forth sufficient operative facts that would require a hearing; (2) the claims based on alleged ineffective assistance of counsel are precluded by res judicata; and (3) the *Blakely* claim fails as a matter of law in view of *State v. Abdul-Mumin,* Franklin App. No. 04AP-485, 2005-Ohio-522.

*State v. Williams*, 2006 WL 1174504, *1-2 (Franklin Co. App. May 4, 2006). On May 4, 2006, the appellate court affirmed the trial court's judgment. *Id.* Petitioner filed a timely appeal to the Ohio Supreme Court; however, on October 4, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Williams*, 111 Ohio St.3d 1414 (Oct. 4, 2006).

On October 3, 2007, petitioner submitted a petition for a writ of habeas corpus to this

3

Court pursuant to 28 U.S.C. §2254. He alleged that he was in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court deprived petitioner Williams of his Sixth and Fourteenth Amendment right to effective assistance of counsel when it failed to make an adequate and timely inquiry into petitioner Williams (sic) complaints. (Tr. 9-49).
>
> 2. Petitioner was denied effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution because counsel failed to timely object to the introduction of inadmissible evidence that was highly damaging and unfairly prejudicial. (Tr. 378-401, 407, 425).
>
> 3. A trial court must hold an evidentiary hearing in a post conviction action if the petition: 1. Contains a claim sufficient on its face to raise a constitutional issue 2. The files and records of the case do not affirmatively disprove that the petitioner is entitled to relief and 3. The claim relies upon evidence de hors the record.
>
> Ineffective assistance in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments.
>
> 4. The trial court erred in failing to hold a hearing or alternatively granting relief on petitioner's second claim for relief to impose non-minimum consecutive sentences and the failure to use the beyond a reasonable doubt standard in violation of his rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments.
>
> 5. The trial court deprived petitioner of his Fourteenth Amendment rights when it failed to permit limited discovery to obtain evidence to support petitioner's claims which presented substantive grounds for relief.
>
> 6. Trial court deprived petitioner Williams of his Sixth and Fourteenth Amendment rights of self representation when it overruled his motion to waive counsel and represent himself.

> 7. Direct appeal counsel was ineffective and deprived petitioner of his Sixth and Fourteenth Amendment rights of effective assistance of counsel by not protecting his *Blakely v. Washington* rights.

*Williams v. Warden, Southern Ohio Correctional Facility*, Case No. 2:07-cv-1003, Doc. 6.

In a Report and Recommendation filed on January 13, 2009, and adopted by the District Judge on March 18, 2009, the Magistrate Judge recommended dismissal of the petition as unexhausted because two of those claims - the *Blakely* claim and a claim of ineffective assistance of appellate counsel - were unexhausted. *Williams v. Sheets*, 2009 WL 103294 (S.D. Ohio Jan. 13, 2009), *adopted and affirmed* 2009 WL 773902 (S.D. Ohio March 18, 2009). The basis of that decision was that an appeal of the former claim to the Ohio Supreme Court was still pending when the recommendation was made, and Petitioner could still raise the latter by way of delayed motion under Ohio Appellate Rule 26(B). Petitioner did not object to the recommendation of dismissal, nor did he appeal that decision.

From a review of the state court records, found online at websites maintained by the Franklin County Court of Common Pleas and the Ohio Supreme Court, it appears that the appeal on the *Blakely* claim was dismissed on June 3, 2009. There is also no evidence that Petitioner pursued a delayed Rule 26(B) motion to assert the claims described in the prior petition.

What did happen, though, was that Petitioner filed, on February 11, 2010, a motion with the trial court to correct his sentence, arguing that the court's judgment entry was

5

invalid. After that motion was denied, he appealed to the Tenth District Court of Appeals, which reversed the trial court and remanded the case for resentencing. The decision made clear that the only defect in the sentencing proceeding related to the trial court's failure to notify Petitioner of certain matters relating to the imposition of post-release control; the court of appeals found that "appellant is limited to a new sentencing hearing which is limited to the proper imposition of post-release control." *State v. Williams*, No. 10AP-674 (Franklin Co. App. Sept. 15, 2011), slip op. at 11. After remand, the trial court conducted the necessary proceedings and imposed a term of post-conviction control. *State v. Williams*, No. 01CR-1465 (Franklin Co. C.P. Nov. 2, 2011). The balance of the original sentence was not affected by or mentioned in that order.

Petitioner appealed the court of appeals decision to the Ohio Supreme Court by way of a notice of delayed appeal. The Ohio Supreme Court's denial of that motion was filed on December 20, 2011. *State v. Williams*, No. 2011-1900 (Dec. 21, 2011).

Next, Petitioner filed with the trial court another motion to vacate his sentence. His appeal from the denial of that motion is described in *State v. Williams*, 2013 WL 781113, (Franklin Co. App. Feb. 28, 2013). The court of appeals construed his motion as, in part, a motion for post-conviction relief, and denied it on grounds that it was untimely or lacked merit. Petitioner's subsequent appeal to the Ohio Supreme Court was denied on June 5, 2013. *State v. Williams*, 135 Ohio St.3d 1461 (June 5, 2013). He signed his current habeas corpus petition one year and 90 days thereafter. The obvious question raised by this somewhat complicated procedural history is whether the petition is untimely under the

6

statute of limitations found in 28 U.S.C. §2244(d)(1), an issue which the Court may raise *sua sponte* in an initial screening conducted by a Magistrate Judge under Rule 4. *See Day v. McDonough*, 547 U.S. 198, 209 (2006)("district courts are permitted ... to consider, sua sponte, the timeliness of a state prisoner's habeas petition"). Petitioner will, of course, by way of the procedure for filing objections, set forth below, be given "fair notice and an opportunity to present [his] position" on the issue. *See id*. at 210.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's original judgment of conviction became final on October 4, 2006, when the Ohio Supreme Court denied his direct appeal. He had one year and ninety days after that to seek relief, (the ninety days within which he could have petitioned the United States Supreme Court for a writ of *certiorari, see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000)), and he filed his original petition in a timely fashion on October 3, 2007. At that point, ninety days remained in the limitations period.

The limitations period continued to run after the prior case was filed, however. The pendency of a federal habeas corpus case is not one of the tolling events listed in §2244(d), and a petitioner cannot prevent the statute of limitations from running out while he has a federal habeas corpus case pending. The Supreme Court decided that issue in 2001, in *Duncan v. Walker*, 533 U.S. 167 (2001), and that is still the law.

This does present a conundrum for petitioners who assert a combination of exhausted and unexhausted claims, as Petitioner did in the earlier case. They may lose the opportunity to have their claims heard if the statute of limitations on those claims runs and then the federal case is dismissed - exactly what happened here. Recognizing that problem, the Supreme Court, in *Rhines v. Weber*, 544 U.S. 269 (2005), approved the concept of staying

a case under some circumstances, rather than dismissing it, while a petitioner returns to state court to exhaust the unexhausted claims. Petitioner did ask for a stay of the earlier case, but then withdrew that request. *See* Case No. 2:07-cv-1003, Doc. 31. Petitioner was given the option, in the Report and Recommendation, of deleting his unexhausted claims and continuing with his exhausted claims, but he did not do so. Consequently, while that case was pending, the statute of limitations expired as to any exhausted claims Petitioner had asserted or could have asserted. That includes all of the claims he has included in the petition filed in this case; all of them (insufficiency of the evidence, lack of jurisdiction of the trial to proceed once the indictment was amended, and actual innocence) were fully exhausted when the 2007 petition was filed.

It is conceivable that Petitioner believes that because he was resentenced in 2011, that started a new statute of limitations running. Some resentencing proceedings do have that effect. *See, e.g. Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012). That case, however, involved an appellate court's vacating and reversing a sentence in its entirety, coupled with a remand for imposition of a totally new sentence.

But here, Petitioner did not receive a totally new sentence in 2011. The only aspect of his sentence which was altered was the post-release control portion. That has occurred with some frequency in Ohio, and the issue of whether that type of resentencing starts the statute of limitations running again has cropped up in numerous federal habeas corpus cases. Without exception, those courts which have addressed the issue - including the Court of Appeals (although in an unpublished decision) and a number of different district

9

judges from both the Northern and Southern Districts of Ohio - have held that such a resentencing does not affect the finality of that portion of the sentence which was not corrected, and therefore does not entitle a petitioner to a new one-year limitations period for any claims but those relating to the post-release control sentence. *See Mackey v. Warden, Lebanon Correctional Inst.*, 525 Fed.Appx. 357 (6th Cir. May 9, 2013); *Gregley v. Bradshaw*, 2014 WL 4699409 (N.D. Ohio Sept. 19, 2014); *King v. Bunting*, 2014 WL 2864422 (N.D. Ohio June 24, 2014); *Alford v. Goodrich*, 2014 WL 359996 (N.D. Ohio Jan. 31, 2014); *Champion v. Timmerman-Cooper*, 2013 WL 5348391 (S.D. Ohio Sept. 23, 2013), *adopted and affirmed* 2014 WL 580182 (S.D. Ohio Feb. 12, 2014); *Qualls v. Warden, Chillicothe Correctional Inst.*, 2013 WL 3122285 (S.D. Ohio June 19, 2013); *Quillen v. Warden, Marion Correctional Inst.*, 2013 WL 1315089 (S.D. Ohio March 29, 2013). The same result applies here.

Similarly, the new post-conviction petition which Petitioner filed after his resentencing, and which was the subject of the latest round of decisions from the Ohio courts, had no effect on the finality of his conviction. The statute of limitations ran years before it was filed; it was not filed timely, meaning it was not a "properly filed application" as described in §2244(d)(2), *see Pace v. DiGuglielmo*, 544 U.S. 408 (2005); and, even if none of those things were true, Petitioner could not take advantage of the additional ninety days beyond the date of the Ohio Supreme Court's decision to extend the statute of limitations, because that does not apply to rulings on post-conviction proceedings which are not part of the direct appeal. *See Lawrence v. Florida*, 549 U.S. 327 (2007). Any way the issue is analyzed, this case was not filed within the limitations period set forth in 28 U.S.C.

§2244(d)(1). Since Petitioner has made no showing of any facts which might justify equitable tolling of the statute of limitations, nor any showing of factual innocence, the case should be dismissed on limitations grounds.

### III. RECOMMENDED DECISION

For these reasons, the Magistrate Judge **RECOMMENDS** that the instant action be **DISMISSED** as untimely under 28 U.S.C. §2244(d)(1).

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                    /s/ Terence P. Kemp  
                                                    United States Magistrate Judge